```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                     JACKSONVILLE DIVISION


M. GIBSON DURDEN, individually and
as Trustee for the M. Gibson Durden
Charitable Remainder Unit Trust,

            Plaintiff,

v.                                      Case No. 3:07-cv-974-J-33JRK

CITICORP TRUST BANK, FSB, f/k/a Citi
Fiduciary Trust Company of Florida,
Inc.,

            Defendant.
_____/
```

## ORDER

This cause comes before the Court pursuant to Defendant Citicorp Trust Bank's Motion to Dismiss (Doc. # 6), filed on October 22, 2007. Durden filed a response on November 1, 2007. (Doc. # 8.) By leave of Court, Citicorp filed on November 15, 2007, a reply to Durden's response. (Doc. # 11.) Citicorp seeks dismissal of portions of Durden's complaint on two grounds: (1) certain portions of the complaint are barred by the statute of limitations; and (2) other portions of the complaint fail to plead fraud with sufficient particularity. For the reasons that follow, Citicorp's motion is GRANTED IN PART and DENIED IN PART.

**I.  Background**

According to the complaint, in March 2000, Durden named Citicorp the trustee of his charitable remainder unit trust, which then held assets worth approximately $522,000. The purpose of the

trust was to produce income of approximately $3,000 per month to Durden. The trust paid Citicorp $8,000 per year for its services as trustee, which ended in March 2005. During the time Citicorp served as trustee, the assets of the trust dwindled to approximately $325,000. Durden alleges this was the result of Citicorp's poor investment decisions.

Durden filed this lawsuit in state court on September 7, 2007, and Citicorp removed it to this Court on October 15, 2007. Durden's complaint pleads four counts: (1) violation of the Florida Securities and Investor Protection Act, (2) breach of fiduciary duty, (3) fraud, negligent misrepresentation, and negligence, and (4) fraud in the inducement and unjust enrichment. (Doc. # 2, at 4-7.) Counts three and four each contain more than one legal theory of recovery.

Citicorp's motion challenges count one on the grounds that this claim is barred by the statute of limitations. Citicorp identifies that the applicable statute of limitations requires Florida Securities and Investor Protection Act claims to be brought within two years "from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence . . . ." (Doc. # 6, at 5 (quoting Fla. Stat. § 95.11 (4)(e)).) Citicorp then points to an allegation in Durden's complaint that Durden removed Citicorp as trustee in March 2005 "as a result of [Citicorp's] failed investment strategy and

dereliction of its duties as Trustee of the Trust . . . ." (Doc. # 6, at 6-7 (quoting Doc. # 2, at 4).)  Citicorp argues that this shows Durden knew in March 2005 of the facts giving rise to his claim under the Florida Securities and Investor Protection Act. (Doc. # 6, at 7.)  Therefore, Citicorp submits, Durden's claim is time-barred.

Durden disagrees, explaining that a statute of limitations defense cannot be resolved on a motion to dismiss unless the defense is apparent from the face of the complaint.  (Doc. # 8, at 5.)  And the defense is not apparent from the face of Durden's complaint.  Instead, Durden argues, his complaint shows only that he knew his trust had lost money by March 2005, not that he knew Citicorp's "investment strategy and breach of fiduciary duty had caused the losses."  (Doc. # 8, at 5.)  Moreover, there is no suggestion in the complaint that Durden discovered any fraud by March 2005.  (Doc. # 8, at 5.)  In short, Durden characterizes the removal of Citicorp in March 2005 as showing only that Durden was dissatisfied with the performance of the trust during Citicorp's tenure.  According to Durden, this does not show that Durden then discovered, or should have discovered, the facts giving rise to his claim.  As a result, it is for the jury to decide when Durden discovered, or with diligence should have discovered, the facts

3

giving rise to his claim.[1]

Citicorp's motion second challenges Durden's causes of action sounding in fraud, which are pleaded in counts three and four. Citicorp argues that Durden's complaint fails to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b). Durden parries with three arguments. First, he submits that Rule 9(b) is not as exacting a standard as Citicorp makes it out to be. (Doc. # 8, at 6-8.)  Second, he asserts that Citicorp has misidentified his theory of fraud. Under the theory he pleaded, as opposed to the theory Citicorp thought he pleaded, Durden's allegations are sufficiently specific. In Durden's view, Citicorp focuses on alleged misrepresentations concerning individual transactions. But Durden's theory does not look to individual transactions. Rather, it looks to Citicorp's overall failure to adequately diversify the trust's investments. Finally, Durden maintains that his complaint pleads constructive fraud. Durden posits that a claim of constructive fraud need not be pleaded with particularity.

## II. Standard of Decision

On a motion to dismiss, a district court must accept as true all the allegations in the complaint and construe them in the light

---

[1] As further support, Durden notes that the statute of limitations can be tolled where the facts of a claim are fraudulently withheld.  In such cases, Durden explains, the question of when the limitations period began is properly submitted to the jury. (Doc. # 8, at 4-5.)

4

most favorable to the plaintiff. <u>Jackson v. Bellsouth Telecomms.</u>, 372 F.3d 1250, 1262 (11th Cir. 2004). A court must favor the plaintiff with all reasonable inferences from the allegations in the complaint. <u>Stephens v. Dep't of Health & Human Servs.</u>, 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.").

To survive a motion to dismiss, a complaint must contain material addressed to each material element "necessary to sustain a recovery under some viable legal theory." <u>Roe v. Aware Woman Ctr. for Choice, Inc.</u>, 253 F.3d 678, 684 (11th Cir. 2001). This material can be either direct or inferential, <u>id.</u> at 683, but it must be factual, <u>see</u> <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955, 1965 (2007); <u>Jackson v. Bellsouth Telecomms.</u>, 372 F.3d 1250, 1262-63 (11th Cir. 2004). Thus, "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." <u>Jackson</u>, 372 F.3d at 1262-63 (quoting <u>Oxfort Asset Mgmt., Ltd. v. Jaharis</u>, 297 F.3d 1182, 1188 (11th Cir. 2002)) (internal quotation marks omitted); <u>accord</u> <u>Twombly</u>, 127 S. Ct. at 1965 ("a formulaic recitation of the elements of a cause of action will not do . . . .").

A complaint need not state detailed factual allegations, but it must contain sufficient factual material to raise a right to relief above the speculative level. <u>Twombly</u>, 127 S. Ct. at 1965.

5

To raise a right to relief beyond the speculative level, a complaint must contain "enough factual matter (taken as true) to suggest" each material element of a claim. See Watts v. Florida Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting Twombly 127 S. Ct. at 1965) (internal quotation marks omitted). This requirement "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of" the elements. Id. (quoting Twombly 127 S. Ct. at 1965) (internal quotation marks omitted). Thus, a complaint must state factual allegations that are not merely consistent with the material elements of a claim, but rather, that plausibly suggest the elements. Twombly, 127 S. Ct. at 1966.

In short, then, the Court must evaluate a complaint on two dimensions to determine whether it states a claim. First, the Court must determine whether the complaint addresses all the material elements necessary to recovery under some legal theory. Second, the Court must determine whether the complaint addresses these elements with factual material sufficient to raise a right to relief beyond mere speculation. In making these determinations, the Court must accept all allegations as true, view them in the light most favorable to the plaintiff, and draw all reasonable inferences therefrom.

Where a complaint contains allegations of fraud, however, the Court must make a further evaluation. Federal Rule of Civil

Procedure 9(b) requires the complaint to state with particularity the circumstances constituting fraud. The Court must determine whether this standard is met.

**III. Discussion**

    **A.    It Is Not Apparent from the Face of the Complaint that Durden's Florida Securities and Investor Protection Act Claim Is Time-Barred**

"[D]ismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) (internal quotation marks omitted); accord Tello v. Dean Witter Reynolds, Inc., 410 F.3d 1275, 1288 (11th Cir. 2005); Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment v. CSX Transp., Inc., -- F.3d --, 2008 WL 902408 (11th Cir. 2008). This standard for dismissal can be met only if the complaint shows the date on which the time-barred claim accrued. See AVCO Corp. v. Precision Air Parts, Inc., 676 F.2d 494, 495 (11th Cir. 1982) (determining that district court must have granted summary judgment because dismissal on statute of limitations grounds was not possible where complaint did not set forth date on which cause of action accrued); see also Foster v. Savannah Commc'n, 140 F. App'x 905, 907 (11th Cir. 2005) (concluding that complaint showed on its face claim was time-barred because complaint set out last date on which plaintiff could have witnessed or learned of any facts on which claim was founded, and

that date was outside statutory period).

The statute of limitations on claims under the Florida Securities and Investor Protection Act begins running when "the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence." Fla. Stat. § 95.11(4)(e). The statute bars actions filed more than two years from this time. Id. Citicorp argues that Durden's complaint itself shows that the statute of limitations began running in March 2005. Citicorp's argument relies on the allegation in Durden's complaint that, "[a]s a result of [Citicorp's] failed investment strategy and dereliction of its duties as [t]rustee of the [t]rust, [Citicorp] was removed as [t]rustee in approximately March 2005." (Doc. # 2, at 4.) From this, Citicorp infers that Durden must have known in March 2005 the facts on which his Florida Securities and Investor Protection Act claim is founded.

Indeed, this inference seems quite plausible. But it is not the only reasonable inference from the allegation. It is possible for a trustee to have engaged in a failed investment strategy, and even to have been derelict in its duties, without having committed a violation of the Florida Securities and Investor Protection Act. The purpose of that act is "to protect the public from fraudulent and deceptive practices in the sale and marketing of securities." Mehl v. Office of Fin. Regulation, 859 So. 2d 1260, 1265 (Fla. 1st DCA 2003) (internal quotation marks omitted) (quoting Arthur Young

8

& Co. v. Mariner Corp., 630 So. 2d 1199, 1203 (Fla. 4th DCA 1994))). The essence of a violation of the act, therefore, is a material misstatement or misleading silence in the face of a duty to speak.[2] Cf. Boim v. Nat'l Data Prods., Inc., 932 F. Supp. 1402, 1404-05 (M.D. Fla. 1996) (explaining that facts showing misstatement or omission supported "the essential elements of [the plaintiff's] [Florida Securities and Investor Protection Act] claim"). And the complaint does not allege that Durden learned in March 2005 that Citicorp made any misstatement or misleading omission. Similarly, the complaint does not show that Durden should have learned of a misstatement or omission at that time through the exercise of due diligence. In short, dereliction of duty is not always a violation of the Florida Securities and Investor Protection Act.

Because this is a motion to dismiss, the Court must construe the allegations in the complaint in the light most favorable to Durden. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Such a construction of the complaint does not permit the Court to conclude that the dereliction of which Durden was

---

[2]To protect investors from fraud, the Act contains provisions prohibiting various conduct not fraudulent in and of itself. See, e.g., Fla. Stat. § 517.07 (prohibiting sale of unregistered securities where securities were required to be registered). It does not appear that Durden's Florida Securities and Investor Protection Act claim is founded on a violation of one of these provisions. Indeed, Durden's complaint appears to cite section 517.301(1)(a)(1), a provision prohibiting fraud. (See Doc. # 2, at 5 (citing "Fla. Stat. Sec. 517.301(a)(1)").)

9

allegedly aware in March 2005 amounted to fraud, or that the dereliction should have led Durden to discover fraud.  The Court may not draw from this allegation an inference adverse to Durden, when a reasonable inference in Durden's favor is available. <u>Stephens v. Dep't of Health & Human Servs.</u>, 901 F.2d 1571, 1573 (11th Cir. 1990).  Such an inference is available: The dereliction about which Durden learned in March 2005 may have been non-fraudulent.  Consequently, the complaint's allegation that Durden learned in March 2005 that Citicorp had been derelict in its duties to the trust does not show that the statute of limitations began running in March 2005.

Citicorp argues that <u>King v. Gandolfo</u>, 714 F. Supp. 1180 (M.D. Fla. 1989), is dispositive of the issue.  (Doc. # 6, at 6.)  But Citicorp overlooks a critical difference between that case and this one.  The complaint in <u>King</u> stated the date on which the plaintiff first learned of "the falsity of the representations previously made to her."  <u>King</u>, 714 F. Supp. at 1181.  The court determined that the two-year statute of limitations began running at that time.  <u>Id.</u> at 1182.  Thus, the complaint was subject to dismissal because the complaint itself stated when the plaintiff learned of the actionable misstatement.  The court did not have to choose between reasonable inferences to conclude that the plaintiff learned of the fraud on a particular date; the complaint itself said as much.  Here, the complaint is not so illuminating.  Instead

10

of stating that the plaintiff learned of a misstatement or misleading omission in March 2005, the complaint says only that the plaintiff learned of a dereliction of duty at that time. To conclude from this that the limitations period began in March 2005, the Court would have to take an inferential step it cannot take on a motion to dismiss. Consequently, Citicorp's request for dismissal of count one as time-barred must be denied.

> **B. Durden's Complaint Fails to Plead with Particularity the Circumstances of Fraud and Negligent Misrepresentation, and These Claims Must Be Dismissed**

Count three of Durden's complaint attempts to set forth claims for fraud and for negligent misrepresentation, and count four attempts to set forth a claim for fraud in the inducement. Rule 9(b) plainly requires the circumstances underlying the two fraud claims to be stated with particularity. See Fed. R. Civ. P. 9(b) ("In alleging fraud . . . , a party must state with particularity the circumstances constituting fraud . . . ."). Additionally, Rule 9(b) imposes the same pleading standard on Durden's negligent misrepresentation claim because that claim "sounds in fraud" under Florida law. Harrison Enters., Inc. v. Moran, No. 97-4362-CIV, 1999 WL 1211753, at *3 (S.D. Fla. Aug. 30, 1999). The Rule 9(b) standard is met if the complaint sets out the following:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the

11

      plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1371 (11th Cir. 1997) (internal quotation marks omitted).

Durden's complaint neglects to include much of this information. The complaint contains only one allegation of a statement by Citicorp to Durden: "At the time [Citicorp] was substituted as the [t]rustee of the [t]rust, [Citicorp's] representatives told [Durden] that [Citicorp] would buy individual stocks for the [t]rust if the [t]rust's assets exceeded $500,000."[3] (Doc. # 2, at 4.) Clearly, this allegation does not identify the place of the statement, the person who made it, the manner in which the statement misled Durden, or what Citicorp obtained as a result of the fraud. Accordingly, Durden's complaint does not satisfy the Brooks standard.

The Brooks framework is not the only way of meeting the requirements of Rule 9(b), though. Brooks, 116 F.3d at 1371. In certain cases, detailed information about the circumstances of an

---

[3] The complaint also says that Durden told Citicorp the primary investment objective of the trust, and that Citicorp chose an investment strategy ill-suited to serving that objective. (Doc. # 2, at 3.) Elsewhere, the complaint assumes that Citicorp represented to Durden that it would invest trust assets in accordance with Durden's objectives. (See, e.g., Doc. # 2, at 6 ("By making statements that [Citicorp] . . . would invest the [t]rust assets in accordance with [Durden's] investment objectives, . . . [Citicorp] intended that [Durden] would rely upon such statements.").) Nowhere does the complaint actually allege that Citicorp made such a statement, though.

12

alleged fraud would not be available to plaintiffs beforehand.  NCR Credit Corp. v. Reptron Elecs., Inc., 155 F.R.D. 690, 692 (M.D. Fla. 1994).  In such cases, a plaintiff can comply with Rule 9(b) by reasonably delineating the acts and transactions that allegedly constituted the fraud.  Id.  However, "[t]he 'reasonable delineation of the underlying acts and transactions' test should only be applied in those cases where due to the nature of the litigation . . . it is impossible for the litigant to have access to detailed knowledge necessary to otherwise meet the requirement of Rule 9(b)."  Id.

Seeking to benefit from the relaxed standard, Durden points out that courts ease the strictures of Rule 9(b) in situations where the litigants "could not possibly have detailed knowledge of all the circumstances surrounding the alleged fraud."  (Doc. # 8, at 6 (quoting In re Sehlen & Assocs., Inc., Secs. Lit., 773 F. Supp. 342, 352 (S.D. Fla. 1991)).)  Durden then hypothesizes that his complaint would be acceptable under the eased standard.  (Doc. # 8, at 7.)  But Durden offers no explanation of why it is impossible for him to have access to the detailed knowledge necessary to satisfy the ordinary requirements of Rule 9(b).[4]

---

[4] Indeed, Durden says, "As far as the identity of [Citicorp's] representatives who were involved in the [t]rust account is concerned, [Durden] may or may not recall who he spoke to . . . ."  (Doc. # 8, at 8.)  If Durden does recall this important fact, he should have pleaded it.  If he does not, he must attempt to particularize his allegations of misstatements to the extent possible.  If he does not remember the name of the individual who

13

Durden's argument is thus stopped at this important obstacle.

Durden's next argument fails even to get out of the gate. Durden claims that his allegation of a misstatement is sufficiently particular when viewed against his overall theory of the fraud. According to Durden, the fraud arises from Citicorp's purchase of equity investments rather than income-producing investments and Citicorp's failure to adequately diversify the investments. (Doc. # 8, at 8.) This argument makes no progress toward satisfying the <u>Brooks</u> framework. Even under this theory of the fraud, Durden's allegation still fails to identify the place of the alleged misstatement, the person who made it, the manner in which the statement misled Durden, or what Citicorp obtained as a result of the fraud.

Durden finally argues that his complaint alleges <u>constructive</u> fraud, and that the circumstances of constructive fraud need not be pleaded with particularity. (Doc. # 8, at 9 ("The requirement that 'fraud' be pleaded with 'particularity' does not apply to allegations of constructive fraud.").) Durden cites two cases from district courts outside the Eleventh Circuit for the proposition that a "significantly different pleading standard" is used when the fraud is predicated on a misleading omission rather than an

---

made the alleged misrepresentation, perhaps he remembers the office that individual held.

affirmative misstatement.[5]  (Doc. # 8, at 9.)  In fact, though, these cases merely recognize the reality that the particulars of an omission will ordinarily be different from the particulars of an affirmative statement.  See Breeden v. Richmond Cmty. Coll., 171 F.R.D. 189, 195 (E.D.N.C. 1997) (explaining that fraud by omission is more difficult to particularize than fraud by affirmative misstatement, and thus pleading fraud by omission will require statement of different particulars); see also Robinson v. Fountainhead Title Group Corp., 447 F. Supp. 2d 478, 490 (D. Md. 2006) (noting that omission cannot be described in the same way as an affirmative statement).  In Robinson, the Maryland district court stated that a "relaxed Rule 9(b) analysis" is applied to claims of fraudulent omissions.  447 F. Supp. at 490.  And in Breeden, the North Carolina court listed the types of particulars required to "comply with the pleading requirements of Rule 9(b) standard with respect to fraud by omission."  171 F.R.D. at 195.  Neither court held that fraud by omission need not be pleaded with

---

[5]Durden also cites Nat'l Ventures, Inc. v. Water Glades 300 Condominium Assoc., 847 So. 2d 1070 (Fla. 4th DCA 2003), for the proposition that "[t]he requirement that 'fraud' be pleaded with 'particularity' does not apply to allegations of constructive fraud."  (Doc. # 8, at 9.)  This case does not support that proposition.  Instead, the Florida appellate court determined simply that the complaint failed to state a claim for fraud because it failed to include allegations addressing the elements of fraud. Nat'l Ventures, 847 So. 2d at 1074.  The court then noted that the allegations in the complaint appeared to pursue a theory akin to constructive fraud.  Id.  The court did not even suggest that constructive fraud need not be pleaded with particularity.

15

particularity.

In any case, the Eleventh Circuit uses the <u>Brooks</u> framework, a framework that explicitly applies equally to frauds based on affirmative misstatements and misleading omissions.  See <u>Brooks</u>, 116 F.3d at 1371 (explaining that complaint must state, "(1) precisely what statements were made in what documents or oral representations <u>or what omissions were made</u>, and (2) the time and place of each such statement and the person responsible for making (<u>or, in the case of omissions</u>, not making) same" (emphases added)).  Accordingly, the fact that Durden seeks to proceed on a fraudulent omission theory does not relieve him of his obligation to state the circumstances of the alleged fraud with particularity.  Because Durden has not met this obligation, his claims in counts three and four sounding in fraud must be dismissed.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

1.   Defendant Citicorp Trust Bank's Motion to Dismiss (Doc. # 6) is hereby GRANTED IN PART and DENIED IN PART as follows.

   a.   Durden's claim for fraud in count three of the complaint is DISMISSED without prejudice.

   b.   Durden's claim for negligent misrepresentation in count three of the complaint is DISMISSED without prejudice.

   c.   Durden's claim for fraud in the inducement in count four of the complaint is DISMISSED without prejudice.

    2.    Should Durden wish to file an amended complaint, he shall do so within TWENTY DAYS of the date of this Order.

    **DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this <u>16th</u> day of May 2008.

                                           VIRGINIA M. HERNANDEZ COVINGTON
                                                UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record